

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS., FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

USPS CERTIFIED MAIL

9214 8901 9403 8353 9077 13

quadient
FIRST-CLASS MAIL
IMI
**$007.47** <sup>0</sup>
01/27/2026 ZIP 02108
043M31261117
US POSTAGE

Sloane and Walsh, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA  02108

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**VRBO Holdings, Inc.**
**11920 Alterra Parkway**
**Austin, TX  78758**

# SLOANE AND WALSH LLP

Attorneys at Law
One Boston Place
201 Washington Street, Suite 1600
Boston, Massachusetts 02108
Telephone (617) 523-6010
Fax: (617) 227-0927
www.sloanewalsh.com

Gail M. Ryan                                                                    Boston, Massachusetts
Direct Dial: 857-321-7047                                                       Lincoln, Rhode Island
Direct Fax: 617-303-1783                                                        Bedford, New Hampshire
E-Mail: gryan@sloanewalsh.com                                                   Glastonbury, Connecticut
Also admitted: RI

January 27, 2026

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

VRBO Holdings, Inc.
11920 Alterra Parkway
Austin, TX  78758

Re:    *Joann Young, et al v. Lazar Heyman-Bloch, et al*
       Berkshire Superior Court, Civil Action No.: 2576CV00198
       Our File No.: PL100-5675

Dear Sir/Madam:

Pursuant to the Long Arm Statute governing service of process in the Commonwealth of Massachusetts, enclosed please find the following documents:

1. Summons (Copy);
2. Complaint and Jury Demand;
3. Civil Action Cover Sheet; and
4. Civil Tracking Order

Please consider this correspondence as service of the Complaint and Jury Demand upon you. Pursuant to the Long Arm Statute, you are required to file a responsive pleading with the Massachusetts Berkshire Superior Court within 20 days upon receipt of this correspondence.

Thank you for your attention to this matter.

Very truly yours,

*/s/ Gail M. Ryan*

Gail M. Ryan

GMR/kab
Enclosures

| **SUMMONS** | DOCKET NO.<br><br>2576CV00198 | **Massachusetts<br>Trial Court<br>Superior Court** |
|---|---|---|

| JOANN YOUNG AND DAVID YOUNG<br>**PLAINTIFF(S)**<br><br>v.<br>VRBO HOLDINGS, INC., ET AL<br>**DEFENDANT(S)** | Lisa Denault-Viale<br><br>Berkshire | CLERK OF COURTS<br><br>COUNTY |
|---|---|---|

**THIS SUMMONS IS DIRECTED TO** VRBO Holdings, Inc. _____ **(Defendant's name).**

~~You are being sued.~~ The Plaintiff(s) named above started a lawsuit against you. A copy of the Plaintiff(s)'
Complaint filed against you is attached to the Summons, and the original Complaint has been filed in
Berkshire _____ Superior Court.

### YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days.**

   If you do not respond, the Court may decide the case against you and award the Plaintiff(s) everything
   requested in the Complaint. You will also lose the opportunity to tell your side of the story. You must respond
   to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff(s). **If you need more time
   to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

   To respond to this lawsuit, you must file a written response with the Court **and** mail a copy to the Plaintiff(s)'
   attorney, or the Plaintiff(s) if they are not represented by a lawyer. You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business in Berkshire _____
   Superior Court, by mail, in-person, or electronically through the web portal **www.eFileMA.com** if the
   Complaint was e-filed through that portal; or

   b) Delivering or mailing a copy of your response to the Plaintiff(s)' attorney, or the Plaintiff(s) if they are
   not represented by a lawyer, at the following address: Gail M. Ryan, Esq., Sloane and Walsh,
   LLP, One Boston Place, 201 Washington Street, Suite 1600, Boston, MA  02108
   _____

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the facts alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in Court. If you have any claims against the Plaintiff(s), called counterclaims, that are based on the same facts or events described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff(s) about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Court no more than 10 days after sending your Answer.

Another way to respond to a Complaint is by filing a "Motion to Dismiss" if you believe that the Complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Massachusetts Rules of Civil Procedure, Rule 12.** If you are filing a Motion to Dismiss, you must follow the filing rules for "Civil Motions in Superior Court," available at:

**www.mass.gov/law-library/massachusetts-superior-court-rules**

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot find or afford legal help, some basic information for self-represented litigants is available at: **www.mass.gov/courts/selfhelp**.

5. **Required Information on All Filings.**

The "DOCKET NO." appearing at the top of this Summons is the unique case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness: <u>Hon. Michael D. Ricciuti, Chief Justice</u>, on this date, <u>December 3, 2025</u>. (Seal)

Clerk: *Lisa A. Denault-Viale*

**Note:** The docket number assigned to the original Complaint by the Clerk should be stated on this Summons before it is served on the Defendant(s).

### PROOF OF SERVICE OF PROCESS

I certify that on this date, _____, I served a copy of this Summons, together with a copy of the Complaint, on the Defendant named in this Summons, in the following manner (See Rule 4(d)(1-5) of the Massachusetts Rules of Civil Procedure):

_____

_____

_____

DATE: _____    Signature: _____


**TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON DEFENDANTS.**

**DATE:** _____

COMMONWEALTH OF MASSACHUSETTS

BERKSHIRE COUNTY, ss.                              SUPERIOR COURT
                                                   Civil Action No.:

| | |
|---|---|
| JOANN YOUNG and DAVID YOUNG,<br>    Plaintiffs | ) <br> ) <br> ) |
| v. | ) <br> ) |
| LAZAR HEYMAN-BLOCH,<br>MATTHEW REMMEY WHITE,<br>NEWMAN LODGE, LLC and VRBO<br>HOLDINGS, INC.<br>    Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT AND JURY DEMAND**

### **PARTIES**

1.      Plaintiff Joann Young is an adult citizen of the State of New Hampshire, residing in West Lebanon, NH.

2.      Plaintiff David Young is an adult citizen of the State of New Hampshire, residing in West Lebanon, NH.

3.      Defendant Lazar Heyman-Bloch is an adult citizen of the State of New York, residing in New York, New York and an owner of real property located at 79 West Center Road, West Stockbridge, Massachusetts.

4.      Defendant Matthew Remmey White is an adult citizen of the State of New York, residing in New York, New York and an owner of real property located at 79 West Center Road, West Stockbridge, Massachusetts.

5.      Defendant Newman Lodge, LLC is a limited liability company registered in the Commonwealth of Massachusetts with a principal place of business in New York, New York and an owner of real property located at 79 West Center Road, West Stockbridge, Massachusetts.

6.      Defendant VRBO Holdings, Inc. a/k/a Vacation Rentals by Owner ("VRBO") is a for-profit corporation formed in the State of Delaware with a principal place of business in Austin, Texas which conducts business in the Commonwealth of Massachusetts.

1

MC

## JURISDICTION

7.      Jurisdiction over Defendant Lazar Heyman-Bloch is proper because he owns or has an ownership interest in the subject real property located at 79 West Center Road, West Stockbridge, Massachusetts.

8.      Jurisdiction over Defendant Matthew Remmey White is proper because he owns or has an ownership interest in the subject real property located at 79 West Center Road, West Stockbridge, Massachusetts.

9.      Jurisdiction over Defendant Newman Lodge, LLC is proper because it owns the subject real property located at 79 West Center Road, West Stockbridge, Massachusetts.

10.     Jurisdiction over Defendant VRBO is proper because it transacts business, solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

11.     On or about November 26, 2022, Plaintiff Joann Young was caused to trip and fall on a set of exterior stairs at 79 West Center Road in West Stockbridge, Massachusetts (the "Property"), where she was lawfully present spending the Thanksgiving holiday with her family.

12.     The set of exterior stairs where Mrs. Young fell was the primary means of access, ingress and egress to the Property.

13.     The set of exterior stairs where Mrs. Young fell was comprised of approximately eight uneven stone steps of varying treads and depths.

14.     The set of exterior stairs where Mrs. Young fell had no hand railing.

15.     At the time of Mrs. Young's injury, Defendants Lazar Heyman-Bloch and Matthew Remmey White (the "Property Owners") were the owners of the Property.

16.     Upon information and belief, the Property Owners transferred ownership of the Property to Newman Lodge, LLC, a limited liability corporation registered in Massachusetts of which Defendants Lazar Heyman-Bloch and Matthew Remmey White are the sole managers, on or about October 8, 2024.

17.     At the time of Mrs. Young's injury, the Property Owners had rented the Property to Mrs. Young's family through the short-term rental business VRBO.

18.     Upon information and belief, as a short-term rental listing service VRBO had manually reviewed the listing for the Property for accuracy and compliance with its guidelines before approving, publishing and advertising the Property listing on its website.

2

19.     At the time of Mrs. Young's injury, Defendants Lazar Heyman-Bloch, Matthew Remmey White, Newman Lodge, LLC and VRBO (collectively "Defendants") owed a duty to Mrs. Young, and others lawfully on the Property, to keep the Property free from dangerous conditions, including, but not limited to a stairway of uneven stone steps without a railing installed.

20.     If a dangerous condition was present on the Property at the time of Mrs. Young's injury, Defendants owed a duty to notify and warn Mrs. Young, and others lawfully on the Property, of the existence of a dangerous condition and/or to remedy the dangerous condition.

21.     Defendants breached the duties owed to Mrs. Young, and the public, by permitting the stairs to remain on the rental Property in the unsafe and unusual manner of being uneven and without a railing installed.

22.     Defendants breached the duties owed to Mrs. Young, and the public, by failing to warn Mrs. Young, and others, of the unsafe and unusual condition created by having uneven stairs on the rental Property without a railing installed.

23.     The negligence of Defendants was the cause of Mrs. Young's injury.

24.     As a result of falling on the stone stairs and striking her head, Mrs. Young suffered a subarachnoid hemorrhage, a C5 fracture, a right middle finger fracture, a right great toe fracture, received numerous stitches to her forehead, and suffered acute renal failure among other injuries.

25.     Mrs. Young underwent significant medical treatment as a result of the negligence of the Defendants.

26.     Mrs. Young has incurred medical bills and expenses arising out of the negligence of the Defendants.

27.     Mrs. Young's quality of life has been greatly diminished as a result of the negligence of the Defendants.

28.     Mrs. Young has suffered and continues to suffer emotional distress due to her injuries and as a result of the negligence of the Defendants.

29.     Mrs. Young's life has been permanently changed as a result of the negligence of Defendants.

30.     The negligence of Defendants was the proximate cause of the injuries suffered by Mrs. Young.

31.     Mrs. Young's husband, Plaintiff David Young, also suffered harm as a result of the negligence of Defendants.

32.     Mr. Young, a retired minister, and Mrs. Young, a retired nurse, have been married for sixty-two years, inclusive of the date of Mrs. Young's fall.

3

33.     Mr. Young was present at the Premises when his wife, Mrs. Young, was grievously injured on November 26, 2022, and remained with her during her extended hospital stays.

34.     Mr. Young has suffered significant emotional distress and loss of his wife's consortium during this period and provided care, support and assistance to his wife throughout her medical treatment and lengthy recovery.

## COUNT I – NEGLIGENCE AGAINST LAZAR HEYMAN-BLOCH, MATTHEW REMMEY WHITE, NEWMAN LODGE, LLC AND VRBO

35.     Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 34 above, as if expressly rewritten and set forth herein.

36.     Defendants owed a duty of care to Mrs. Young, and others lawfully on the Property, to keep the Property free from dangerous conditions, including, but not limited to a stairway of uneven stone steps without a railing installed.

37.     If a dangerous condition was present on the Property at the time of Mrs. Young's injury, Defendants owed a duty to notify Mrs. Young, and others lawfully on the property, of the existence of such a dangerous condition and/or to remedy the dangerous condition.

38.     Defendants breached the duties owed to Mrs. Young by permitting the stairs to remain on the Property in the unsafe and unusual manner of being uneven and by failing to install a handrail.

39.     Defendants breached the duties owed to Mrs. Young by failing to warn Mrs. Young, and others, of the unsafe and unusual condition created by the uneven stairs on the Property and the lack of a handrail.

40.     By breaching these, and other, duties of care owed to Mrs. Young, Defendants' actions and inactions were a direct and proximate cause of Mrs. Young's personal injuries and all damages claimed herein.

WHEREFORE, Plaintiffs demand judgment against Defendants Lazar Heyman-Bloch, Matthew Remmey White, Newman Lodge, LLC and VRBO for all damages, including, *inter alia*, compensatory damages, medical expenses, and punitive damages, together with costs, attorneys' fees, and any other relief this Court deems appropriate.

## COUNT II
## LOSS OF CONSORTIUM AGAINST LAZAR HEYMAN-BLOCH, MATTHEW REMMEY WHITE, NEWMAN LODGE, LLC AND VRBO

41.     Plaintiffs repeat and incorporate by reference herein paragraphs 1 through 40 above as if fully set forth herein.

42.     Plaintiff, David Young, is and was at all relevant times the husband of Plaintiff Joann Young.

43.     As a direct and proximate result of the Defendants' negligence and wrongful acts and permanent personal injuries suffered by Plaintiff Joann Young, Mr. Young as husband to Mrs. Young, suffered and will continue to experience a loss of consortium as well as mental stress, anxiety and loss of companionship.

WHEREFORE, Plaintiffs demand judgment against Defendants Lazar Heyman-Bloch, Matthew Remmey White, Newman Lodge, LLC and VRBO for all damages, including, *inter alia*, compensatory damages, medical expenses, and punitive damages, together with costs, attorneys' fees, and any other relief this Court deems appropriate.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

a. Enter judgment in favor of Plaintiffs for damages on Count I and Count II, along with interests and the cost of suit;

b. Award monetary damages to Mrs. Joann Young and Mr. David Young for the negligence of Defendants with respect to Counts I & II; and

c. Enter such other relief and further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully Submitted,
Joann Young and David Young
The Plaintiffs,
By their Attorney,

*/s/ Gail M. Ryan*

Gail M. Ryan, Esq. BBO #676129
SLOANE & WALSH, LLP
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
P: (617) 523-6010
F: (617) 227-0927
GRyan@sloanewalsh.com

Date:   November 24, 2025

Superior Court - Berkshire
Docket Number

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Massachusetts Trial Court Superior Court |
|---|---|---|

| | | COUNTY | Berkshire Superior Court (Pittsfield) |

| Plaintiff | Joanne Young | Defendant: | Lazar Heyman-Bloch |
|---|---|---|---|
| ADDRESS: | 7 Fox Run Lane, Unit 203 | ADDRESS: | 40 West 12th Street, Apartment 2 |
| West Lebanon, NH  03784 | | New York, NY  10011 | |
| | | | |
| Plaintiff Attorney: | Gail M. Ryan, Esq. | Defendant: | Matthew Remmey White |
| ADDRESS: | Sloane and Walsh, LLP | ADDRESS: | 40 West 12th Street, Apartment 2 |
| One Boston Place, 201 Washington Street, Suite 1600 | | New York, NY  10011 | |
| Boston, MA  0218 | | | |
| BBO: | 676129 | | |
| Plaintiff: | David Young | Defendant: | Newman Lodge, LLC |
| ADDRESS: | 7 Fox Run Lane, Unit 203 | ADDRESS: | 40 West 12th Street, Apartment 2 |
| West Lebanon, NH  03784 | | New York, NY  10011 | |
| | | | |
| Plaintiff Attorney: | Gail M. Ryan, Esq. | Defendant: | VRBO Holdings, Inc. |
| ADDRESS: | Sloane and Walsh, LLP | ADDRESS: | 1011 West 5th Street |
| One Boston Place, 201 Washington Street, Suite 1600 | | Austin, TX  78703 | |
| Boston, MA  02108 | | | |
| BBO: | 676129 | | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Personal Injury | F | ☒ YES    ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES    ☒ NO | ☐ YES    ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

#### TORT CLAIMS

A. Documented medical expenses to date

    1. Total hospital expenses — $130,000.00

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

        Subtotal (1-5): $130,000.00

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

        TOTAL (A-F): $130,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiff fell on defendants' stairs and suffered a subarachnoid hemorrhage, a C5 fracture, a right middle finger fracture, a right great toe fracture, received numerous stitches to her forehead and suffered acute renal failure among other injuries.

#### CONTRACT CLAIMS

MC

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |

SC0001: 02/24        www.mass.gov/courts        Date/Time Printed:11-21-2025 15:02:02

| Signature of Attorney/Self-Represented Plaintiff: X  /s/ Gail M. Ryan | Date: | November 24, 2025 |

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X   /s/ Gail M. Ryan | Date: | November 24, 2025 |

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality †*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (A) |
| PD1 Equity Action involving an Incarcerated Party | (A) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (X) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c. 123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF —** On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT —** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
## ACCURATELY, THE CASE MAY BE DISMISSED.

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2576CV00198 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Young, Joanne et al vs. Heyman-Bloch, Lazar et al | Lisa Denault-Viale Berkshire County |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Berkshire County Superior Court 76 East Street Pittsfield, MA 01201 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE | | |
|---|---|---|---|
| | SERVED BY | FILED BY | HEARD BY |
| Service of process made and return filed with the Court | | 02/23/2026 | |
| Response to the complaint filed (also see MRCP 12) | | 03/24/2026 | |
| All motions under MRCP 12, 19, and 20 | 03/24/2026 | 04/23/2026 | 05/26/2026 |
| All motions under MRCP 15 | 03/24/2026 | 04/23/2026 | 05/26/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/21/2026 | | |
| All motions under MRCP 56 | 10/20/2026 | 11/19/2026 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/19/2027 |
| Case shall be resolved and judgment shall issue by | | | 11/24/2027 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 11/24/2025 | ASSISTANT CLERK | PHONE (413)499-7487 |
|---|---|---|

Date/Time Printed 11-24-2025 15:24:59

SCV026\ 08/2018